CENTRAL FEDERAL SAVINGS & LOAN ASSOCIATION, Plaintiff and Appellee, *v.* SECRETARY OF THE TREASURY, Defendant and Appellant.

No. R-63-133.    Decided June 19, 1964.

*J. B. Fernández Badillo, Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for appellant. *Pablo Defendini* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: The Secretary of the Treasury mailed to the Central Federal Savings and Loan Association, on November 1, 1962, a personal property tax notice for $1,835.31, based on a $73,120 assessment of the taxed personal property. Part of the personal property consisted of stock issued by the Federal Home Loan Bank of New York and acquired by the taxpayer. The taxpayer did not agree or accept, in whole or in part, the tax imposition. On the following December 1, the taxpayer instituted an action before the Superior Court, San Juan Part, requesting that the aforementioned assessment and tax notice be totally vacated on the ground that the notice was null and void since it violated § 5(h) of the Home Owners' Loan Act of 1933 (12 U.S.C.A. § 1461), enacted by the Congress of the United States. After a hearing on its merits, the trial court rendered judgment admitting the complaint and "setting aside the assessment and tax notice with regard to the amount of $39,600, value of the stock or bonds issued by the Federal Home Loan Bank and owned by the taxpayer." As legal ground for the decision the court merely stated:

"Since the obligations of the Federal Home Loan Bank are exempt from taxation by the United States, they are also exempt according to § 551, Title 13, L.P.R.A."

In this appeal for review the Secretary of the Treasury contends that the Superior Court, San Juan Part, erred in "concluding that the stock issued in favor of the taxpayer by the Federal Home Loan Bank of New York is exempt from taxes by the United States, since neither § 1433 of

12 U.S.C.A. nor any other Act of the United States exempts the stock from the payment of property taxes."

In our opinion the appellant has no case. The judgment appealed from must be affirmed. According to clause (b) of § 551, of Title 13 of the Laws of Puerto Rico Annotated, applicable to the appeal at·bar, "property of the United States and property exempt from taxation by the laws of the United States" shall be exempt from assessment for taxation purposes. The United States statutory provision providing the exemption to which the trial court referred reads as follows (12 U.S.C.A. § 1433) :

"Section 1433. Exemption from taxation; obligation acceptable as credit on debt of home owner

"Any and all notes, debentures, bonds, and other such obligations issued by any bank, and consolidated Federal Home Loan Bank bonds and debentures, shall be exempt both as to principal and interest from all taxation (except surtaxes, estate, inheritance, and gift taxes) now or hereafter imposed by the United States, by any Territory, dependency, or possession thereof, or by any State, county, municipality, or local taxing authority. The bank, including its franchise, its capital, reserves, and surplus, its advances, and its income, shall be exempt from all taxation now or hereafter imposed by the United States, by any Territory, dependency, or possession thereof, or by any State, county, municipality, or local taxing authority; except that in[1] any real property of the bank shall be subject to State, Territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed. The notes, debentures, and bonds issued by any bank, with unearned coupons attached, shall be accepted at par by such bank in payment of or as a credit against the obligation of any homeowner debtor of such bank.  July 22, 1932, c. 522, § 13, 47 Stat. 735; May 28, 1935, c. 150, § 8, 49 Stat. 295."

■ The exemption from all taxation granted the capital of said federal bank by any "local taxing authority" in order to better achieve the objects and purposes of the congressional

---

"[1] So in original. Word 'in' probably should be omitted."

law also applies to the stock that integrates this capital. See: *Rosch* v. *First Savings & Loan Ass'n*, 203 S.W.2d 1006, 1011 (Tex. Civ. App. 1947), and *Laurens F.S. & L.* v. *S.C. Tax Comm'n*, 365 U.S. 517, 522 (1961).

■ It is not a question of stock issued by the taxpayer association. This is not a federal institution, agency or body. See: *First Federal Savings* v. *Secretary of the Treasury*, 86 P.R.R. 53 (1962), and *Texas Unemployment Compensation Commission* v. *Metropolitan Building & Loan Ass'n*, 139 S.W.2d 309 (Tex. Civ. App. 1940), *certiorari denied*, 61 S.Ct. 140, 311 U.S. 701, 85 L.Ed. 454.

■ Obviously the value of the stock issued by the Federal Home Loan Bank of New York which constituted part of the personal property of taxpayer association should not have been included by the Secretary of the Treasury in the afore-mentioned tax notice on personal property.

The judgment shall be affirmed.